IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THERESA DUCHARME-CONRAD and DEREK ARTHUR CONRAD,<br><br>    Plaintiffs,<br><br>v.<br><br>ELI LILLY AND COMPANY,<br><br>    Defendant. | Civil Action No.: 06-1838 (RBW)<br>Next Event: Initial Scheduling Conference<br>on January 26, 2007 at 9:00 a.m. |

## JOINT RULE 16.3 REPORT

Pursuant to this Court's Order for Scheduling Conference, Local Rule 16.3 and Fed. R. Civ. P. 26(f), the attorneys for plaintiffs and defendant conferred up to and including January 4, 2007, and hereby submit the following succinct statement of all agreements reached and positions taken by the parties on matters about which there was a disagreement:

TOPIC NO. 1: Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.

POSITION OF PARTIES: It is too early to evaluate the likelihood that Defendant will bring dispositive motions as the parties have not yet engaged in any discovery.

TOPIC NO. 2: (a) The date by which any other parties shall be joined or the pleadings amended; and (b) whether some or all of the factual and legal issues can be agreed upon or narrowed.

POSITION OF PARTIES: (a) At the present time, none of the parties plan to join additional parties or amend the pleadings. The parties acknowledge that once discovery has begun, there may then be a need to join other parties or to amend the pleadings. Defendant Eli Lilly and Company ("Lilly") proposes a deadline for joinder or amending the pleadings of March 30, 2007. The plaintiffs do not want a deadline for joinder or amending the pleadings; (b) the parties agree that there are not

yet any factual or legal issues that can be agreed upon or narrowed.

TOPIC NO. 3: Whether this case should be assigned to a magistrate judge for all purposes, including trial.

POSITION OF PARTIES: Plaintiffs consent to having the case assigned to a magistrate judge. Defendant does not consent to having the case assigned to a magistrate judge.

TOPIC NO. 4: Whether there is a realistic possibility of settling the case.

POSITION OF PARTIES: While the parties are not aware of any information that would preclude a realistic possibility of settling the case, the parties also note that a prediction on the likelihood of settlement is somewhat premature as the parties have not yet engaged in any discovery.

TOPIC NO. 5: Whether the case could benefit from the Court's alternative dispute resolution ("ADR") procedures or some other form of alternative dispute resolution, and, if so, which procedure should be used and whether discovery should be stayed or limited pending completion of ADR.

POSITION OF PARTIES: The parties propose to have this case referred to Magistrate Judge Alan Kay for mediation after the completion of discovery.

TOPIC NO. 6: Whether the case can be resolved by summary judgement or motion to dismiss; the dates for filing the dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision of the motions.

POSITION OF PARTIES: Depending on the information that Defendant learns during discovery, Defendant may file motions for summary judgement or motions to dismiss. The parties have proposed various deadlines under Topic No. 8.

TOPIC NO. 7: Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P.,and, if not, what, if any, changes should be made in the scope, form, or timing of those disclosures.

POSITION OF PARTIES: The parties agree and request the Court to dispose of the 26(a)(1) initial disclosures. The parties also agree that if plaintiffs request an extension of time to respond

to defendant's discovery requests, plaintiffs shall at least produce the following by the original deadline for responding to the discovery requests: (a) all medical records in their possession (or the possession of their attorneys); (b) authorizations to obtain medical records; (c) the identity and address of all known medical providers who have treated plaintiff Theresa Ducharme-Conrad and/or her mother; (d) the identity and address of the pharmacy, physician and/or hospital dispensing the DES at issue in this lawsuit; and (e) all documents and/or tangible objects in the possession of plaintiffs and/or their attorneys regarding the identity of the manufacturer of the DES at issue in this lawsuit.

Defendant agrees that, within a week of the time that defendant obtains any medical records (other than medical records received directly from plaintiffs), defendant shall send a copy of all such medical records to plaintiffs' counsel.

TOPIC NO. 8: The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

POSITION OF PARTIES: The parties agree that, pursuant to Fed. Rule 33, each party is limited to 25 interrogatories. The parties agree that the number of non-expert depositions should be limited to the following, whichever is greater: (a) 10 non-expert depositions or (b) the deposition of the Plaintiffs, any former spouse of plaintiff Theresa Ducharme-Conrad, plaintiff Theresa Ducharme-Conrad's mother and father, as well as the depositions of any relevant medical providers, pharmacists or pharmacy personnel. The parties agree that the duration of each deposition shall be limited to one (1) day or seven (7) hours, whichever is greater.

The parties suggest the following schedule:

  April 30, 2007:  Deadline for serving discovery requests.

  June 28, 2007:  Deadline for plaintiffs to designate experts and provide expert reports, pursuant to Rule 26(a)(2).

  August 27, 2007:  Deadline for defendant to designate experts and provide expert reports, pursuant to Rule 26(a)(2).

  October 26, 2007:  All Discovery Closed. The parties agree that experts may be deposed until the close of discovery.

  November 26, 2007:  Deadline for filing Dispositive Motions.

  February 2008:  Pre-Trial Conference.

  *N.B.  In addition, Defendant Lilly proposes March 30, 2007 as the deadline for joinder or amending the pleadings.*

  The parties' Proposed Scheduling Order attached hereto as Appendix No. 1.

  TOPIC NO. 9: Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P., shall be modified and whether and when depositions of experts should occur.

  POSITION OF PARTIES: The parties agree to make all expert witnesses available for deposition. Prior to the depositions, the parties agree to exchange expert reports pursuant to Rule 26(a)(2), except that the parties agree to dispense with the requirement of Rule 26(a)(2)(B) of a list of cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. However, the parties may inquire into the topic of prior cases at the time of the deposition.

  TOPIC NO. 10: In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion

and a proposed date for decision.

  POSITION OF PARTIES: Not applicable.

  TOPIC NO. 11: Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

  POSITION OF PARTIES: The parties agree that it is too early to determine whether the trial of this case should be bifurcated or managed in phases.

  TOPIC NO. 12: The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

  POSITION OF PARTIES: The parties request a pretrial conference in February 2008.

  TOPIC NO. 13: Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

  POSITION OF PARTIES: The plaintiffs prefer that a firm trial date be set at the first scheduling conference. Defendant does not prefer that a firm trial date be set at the first scheduling conference.

  TOPIC NO. 14: Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

  POSITION OF PARTIES: The parties have no other matters that they believe need to be included in the scheduling order at this time.

STATEMENT OF THE CASE:

  A. Plaintiffs':

This is a products liability/personal injury case arising from Plaintiff Theresa Ducharme-Conrad's in utero exposure to diethylstilbestrol ("DES"), a synthetic estrogen which was manufactured, marketed, sold, promoted and distributed by the Defendant in 1967 to said plaintiff's

mother for the purpose of preventing miscarriage.

Plaintiff Theresa Ducharme-Conrad claims that as a result of her in utero exposure to DES, she has suffered injuries, including but not limited to, reproductive tract malformations resulting in infertility and poor pregnancy outcomes, medical expenses for care and treatment, physical and mental pain, and the inability to have the family she desired, and that the Defendant is liable for said injuries based on negligence, strict liability, breach of warranty, and misrepresentation.

Plaintiff Derek Arthur Conrad claims for loss of consortium.

B.   Defendant's:

Defendant Lilly generally denies that it is liable to the Plaintiffs under any of the Plaintiffs' causes of action. While discovery has not yet commenced, Lilly believes that the Plaintiffs will be unable to come forward with evidence sufficient to meet their burden of persuasion that Theresa Ducharme-Conrad was exposed in utero to DES in the first place, that any such DES was manufactured or produced by Lilly, that any such DES caused the injuries of which the Plaintiffs complain, and that Lilly breached any duties owed to the Plaintiffs, breached any warranties, or made any material misrepresentations. Lilly has also asserted several affirmative defenses, including that the Plaintiffs' claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.

STATUTORY BASIS FOR ALL CAUSES OF ACTION AND DEFENSES:

A.   Plaintiffs':

The statutory basis for the Plaintiffs' cause of action is 28 U.S.C. §1332(a) (diversity).

B.   Defendant's:

The only affirmative defense asserted by the Defendant with a statutory basis is that the

Plaintiffs' claims may be barred by the statute of limitations.

|  |  |
|---|---|
|  | Respectfully submitted, |
| AARON M. LEVINE & ASSOCIATES | SHOOK, HARDY & BACON, L.L.P. |
|  |  |
| /s/ Aaron M. Levine | /s/ Emily J. Laird (by permission-rm) |
| AARON M. LEVINE, #7864 | EMILY J. LAIRD, #485890 |
| 1320 19th Street, N.W. | 600 14th Street, N.W. |
| Suite 500 | Suite 800 |
| Washington, DC 20036 | Washington, DC  20005-2004 |
| 202/833-8040 | 202-223-1200 |
| Fax: 202-833-8046 | Fax: 202-783-4211 |
|  |  |
| Counsel for Plaintiffs | and |
|  |  |
|  | David W. Brooks, Esq. |
|  | Mark C. Hegarty, Esq. |
|  | John F. Kuckelman, Esq. |
|  | SHOOK, HARDY & BACON, L.L.P. |
|  | 2555 Grand Boulevard |
|  | Kansas City, MO 64108 |
|  | 816-474-6550 |
|  | Fax: 816-421-5547 |
|  |  |
|  | Counsel for Defendant Eli Lilly and Company |

Dated: January 4, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THERESA DUCHARME-CONRAD and DEREK ARTHUR CONRAD,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ELI LILLY AND COMPANY,<br><br>　　　　Defendant. | Civil Action No.: 06-1838 (RBW)<br>Next Event: Initial Scheduling Conference on January 26, 2007 at 9:00 a.m. |

**[PROPOSED] SCHEDULING ORDER**

The parties suggest the following schedule:

April 30, 2007:　　Deadline for serving discovery requests.

June 28, 2007:　　Deadline for plaintiffs to designate experts and provide expert reports, pursuant to Rule 26(a)(2).

August 27, 2007:　　Deadline for defendant to designate experts and provide expert reports, pursuant to Rule 26(a)(2).

October 26, 2007:　　All Discovery Closed. The parties agree that experts may be deposed until the close of discovery.

November 26, 2007:　　Deadline for filing Dispositive Motions.

February 2008:　　Pre-Trial Conference.

*N.B.　　In addition, Defendant Lilly proposes March 30, 2007 as the deadline for joinder or amending the pleadings.*

DATED: _____　　　　_____
　　　　　　　　　　　　　　　　　　　　　　REGGIE B. WALTON
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

|  | Respectfully submitted, |
|---|---|
| AARON M. LEVINE & ASSOCIATES | SHOOK, HARDY & BACON, L.L.P. |

 /s/ Aaron M. Levine  
AARON M. LEVINE, #7864  
1320 19th Street, N.W.  
Suite 500  
Washington, DC 20036  
202/833-8040  
Fax: 202-833-8046  

Counsel for Plaintiffs

/s/ Emily J. Laird (by permission-rm)  
EMILY J. LAIRD, #485890  
600 14th Street, N.W.  
Suite 800  
Washington, DC  20005-2004  
202-223-1200  
Fax: 202-783-4211  

and

David W. Brooks, Esq.  
Mark C. Hegarty, Esq.  
John F. Kuckelman, Esq.  
SHOOK, HARDY & BACON, L.L.P.  
2555 Grand Boulevard  
Kansas City, MO 64108  
816-474-6550  
Fax: 816-421-5547  

Counsel for Defendant Eli Lilly and Company

Dated: January 4, 2007