THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THERESA DUCHARME-CONRAD, and <br> DEREK ARTHUR CONRAD, <br><br> Plaintiffs, <br><br> vs. <br><br> ELI LILLY AND COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 1:06-cv-01838-RBW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT ELI LILLY AND COMPANY'S UNOPPOSED MOTION TO TRANSFER TO THE DISTRICT OF MASSACHUSETTS

Defendant Eli Lilly and Company ("Lilly") hereby moves to transfer this action, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the District of Massachusetts. Plaintiffs will not oppose this transfer.

This case should be transferred because the District of Massachusetts is a more convenient forum than the District of Columbia, the action could have been brought in the District of Massachusetts, and transfer out of a district with absolutely no connection to the plaintiffs' cause of action is in the interest of justice. *See* 28 U.S.C. § 1404(a) (permitting transfer to a district or division where the case could have been brought in the first instance); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981) (district court enjoys wide discretion in deciding whether to transfer an action to a more convenient forum).

The District of Massachusetts is more convenient for the witnesses likely to be deposed or called to testify at trial. Section 1404(a) instructs district courts to consider the convenience of witnesses in deciding whether to transfer an action. *See* 28 U.S.C. § 1404(a).

138911v1

Lilly has reason to believe that all potential fact witnesses and sources of proof are located in or within the subpoena power[1] of the District of Massachusetts. More specifically:

- Plaintiffs reside in Groton, Massachusetts;

- The events allegedly giving rise to plaintiff's cause of action -- the purchase and ingestion of DES, as well as alleged exposure to DES -- occurred in Massachusetts;

- Plaintiff Theresa Ducharme-Conrad's doctors, who purportedly diagnosed and treated her alleged injuries, are in Massachusetts;

- Plaintiff's father, a witness with substantial knowledge of facts at issue in this matter, resides in Massachusetts;

- Plaintiff's mother, a witness with substantial knowledge of facts at issue in this matter, resides in Massachusetts;

- Lilly is not aware of a single non-party fact witness who resides in the District of Columbia or is within the subpoena power of this Court;

- This case has no apparent connection to the District of Columbia except that the case was filed here; and

- The interests of justice will not be served by burdening the citizens of the District of Columbia with a case that has no connection to this forum.

None of the potential fact witnesses and sources of proof are located within, or subject to the subpoena power of, the District of Columbia. The only other location where potential fact witnesses and sources of proof might be located is Massachusetts. Plaintiff Theresa Ducharme-Conrad's mother lived in Massachusetts during her pregnancy with plaintiff, was allegedly prescribed DES in Massachusetts, purchased DES from a pharmacy in Massachusetts, and ingested DES in Massachusetts. Plaintiff Theresa Ducharme-Conrad was also born in Massachusetts.

This action "might have been brought" originally in the District of Massachusetts. 28 U.S.C. § 1404(a). First, the District of Massachusetts has subject matter jurisdiction over this

---

[1]   See FED. R. CIV. P. 45(b).

138911v1

action pursuant to 28 U.S.C. § 1332 since there is complete diversity of citizenship.[2] Lilly is incorporated and has its principal place of business in Indiana. Plaintiff resides in and is presumably domiciled in Massachusetts. Second, to the extent permitted by the United States Constitution, Massachusetts' long-arm statute, Mass. Gen. Laws ch. 223A, § 3, reaches torts caused by an act or omission within the commonwealth of Massachusetts. *See*, Mass. Gen. Laws ch. 223A, § 3. Thus, the District of Massachusetts is at least as appropriate a forum as the District of Columbia with respect to subject matter and personal jurisdiction. Third, venue is proper in the District of Massachusetts because plaintiff's injuries that were allegedly caused by DES were diagnosed and treated in Massachusetts. *See* 28 U.S.C. § 1391(a)(2) (allowing transfer to "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

Finally, the interests of justice support transfer of this action to the District of Massachusetts. *See Pain v. United Technologies Corp.*, 637 F.2d 775, 782 (D.C. Cir. 1980) (listing public interest factors to consider). First, Massachusetts has a strong interest in seeing that the product liability claims of Massachusetts citizens are tried fairly and efficiently. The next factor, the applicable law, favors the District of Massachusetts because Massachusetts tort law is likely to be applied, and Massachusetts is more familiar with its substantive law than is the District of Columbia. *See Moore v. Ronald Hsu Constr. Co.*, 576 A.2d 734, 737 (D.C. 1990) (District of Columbia's choice of law rules point to the jurisdiction with the "most significant relationship" to the dispute). Finally, this case has no connection to the District of Columbia except that it was filed here: no witnesses reside here, Theresa Ducharme-Conrad's alleged exposure to DES did not occur here, and none of her injuries were diagnosed or treated here.

---

[2] Lilly does not contest the amount in controversy requirement since it does not appear to a legal certainty that plaintiff cannot recover more than $75,000. However, Lilly denies that plaintiff is entitled to recover any damages.

Because this case has no connection to this district and because plaintiff will not oppose transfer, it is equitable to transfer this case out of the District of Columbia.

WHEREFORE, for these reasons, defendant Eli Lilly and Company respectfully requests this Court to grant its unopposed motion to transfer this case to the District of Massachusetts.

Dated: April 17, 2007

Respectfully submitted,

/s/ Emily Laird
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, NW Suite 800
Washington, D.C. 20005-2004
Phone: (202) 783 -8400
Fax: (202) 783-4211

and

David W. Brooks
Mark C. Hegarty
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

### LOCAL RULE 7.1(m) CERTIFICATION

Pursuant to Local Rule 7.1(m), Defendant Eli Lilly and Company certifies that, through its counsel, it conferred with plaintiffs' counsel to determine whether plaintiffs oppose the relief requested in this motion. Plaintiffs' counsel indicated that plaintiffs do not oppose the granting of this motion.

/s/ Emily Laird

138911v1

## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, this 17th day of April, 2007, which sent notification of such filing to all counsel of record listed below.

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

                                  /s/ Emily Laird
                              **ATTORNEY FOR DEFENDANT**
                              **ELI LILLY AND COMPANY**

138911v1

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THERESA DUCHARME-CONRAD, and<br>DEREK ARTHUR CONRAD,<br><br>      Plaintiffs,<br><br>vs.<br><br>ELI LILLY AND COMPANY,<br><br>      Defendant. | )<br>)<br>)<br>)<br>) CIVIL ACTION NO. 1:06-cv-01838-RBW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

UPON CONSIDERATION of Defendant Eli Lilly and Company's Unopposed Motion to Transfer to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a),

IT IS HEREBY ORDERED that Eli Lilly and Company's Unopposed Motion is granted;

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1404(a), this case is transferred to the United States District Court for the District of Massachusetts.


Dated: _____, 2007     _____
                   The Honorable Reggie B. Walton


cc: Appended list of counsel of record


139027v1

- 2 -

## COUNSEL OF RECORD

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

Michelle R. Mangrum, Esq.
Shook, Hardy & Bacon L.L.P.
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004
**Attorneys for Defendant**
**Eli Lilly and Company**