UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| THERESA DUCHARME-CONRAD, and DEREK ARTHUR CONRAD,<br><br>    Plaintiffs,<br><br>v.<br><br>ELI LILLY AND COMPANY,<br><br>    Defendant. | Civil Action No. 06-01838 (RBW) |

**MEMORANDUM OPINION**

Currently, before the Court is defendant Eli Lilly and Company's ("Lilly") Motion to Transfer to the District of Massachusetts ("Mot. to Transfer"), pursuant to 28 U.S.C. § 1404(a) (2000). Plaintiffs Theresa Ducharme-Conrad and Derek Arthur Conrad do not oppose this transfer. Mot. to Transfer at 1. For the reasons set forth below, the Court must grant the defendant's motion and transfer this action to the United States District Court for the District of Massachusetts.

**I. Background**

Plaintiffs Theresa Ducharme-Conrad and Derek Arthur Conrad, residents of the State of Massachusetts, originally filed this action on October 17, 2006, in the Superior Court of the District of Columbia. Complaint ("Compl."). The plaintiffs allege in their complaint that plaintiff Theresa Ducharme-Conrad suffered injuries resulting from in utero exposure to diethylstilbestrol ("DES") due to the prescription and ingestion of DES by plaintiff Theresa Ducharme-Conrad's mother during her pregnancy while residing in Massachusetts, and that the drug was manufactured and sold by Lilly in Massachusetts. Compl. ¶¶ 3-4. Lilly, an Indiana corporation, removed this matter to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1332 (2000). Defendant's Notice of Removal of Civil Action at 1. Lilly now seeks without opposition to have this action transferred to the United States District Court

for the District of Massachusetts.  Mot. to Transfer at 1.

## II. Standard of Review and Legal Analysis

Lilly contends that this action should be transferred because "the District of Massachusetts is a more convenient forum than the District of Columbia, the action could have been brought in the District of Massachusetts, and transfer out of a district with absolutely no connection to the plaintiffs' cause of action is in the interest of justice."  Mot. to Transfer at 1. Further, the defendant's unopposed motion asserts that "all potential fact witnesses and sources of proof are located in or within the subpoena power of the District of Massachusetts," Mot. to Transfer at 1-2, including, but not limited to, plaintiff Theresa Ducharme-Conrad's doctors, who purportedly diagnosed and treated her alleged injuries, and her parents, who possess substantial knowledge of facts at issue in this matter. Mot. to Transfer at 2.  Hence, the plaintiffs and their claims appear to have no connection to the District of Columbia.  Id.  And although the plaintiffs do not oppose the transfer of this action, id., this Court must still decide whether transferring this matter comports with the requirements of § 1404(a).

The determination of whether an action should be transferred "is committed to the sound discretion of the trial court."  Lentz v. Eli Lilly, 464 F. Supp. 2d 35, 36 (D.D.C. 2006) (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 237 (1981)).  Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a) (2000).  A court usually grants a motion to transfer when (1) the moving party first establishes that the action could have been brought in the proposed transferee district, i.e., the District of Massachusetts, see Lentz, 464 F. Supp. 2d at 36 (internal citations omitted), and (2) the moving party has "demonstrated that the balance of conveniences of the parties and witnesses and the interest of justice are in their favor," id. at 36-37 (citing Consol. Metal Prods., Inc. v. Am. Petroleum Inst., 569 F. Supp. 773, 774 (D.D.C. 1983)).  The defendant has satisfied both requirements.

This action could have been brought in the United States District Court for the District of Massachusetts for several reasons. First, subject matter jurisdiction would have been proper there pursuant to 28 U.S.C. § 1332, as complete diversity exists between the parties and the amount in controversy requirement is satisfied. Mot. to Transfer at 2-3. Second, personal jurisdiction over the defendant can be exercised in Massachusetts pursuant to its long-arm statute for having "caus[ed] tortious injury by an act or omission [within the] commonwealth." Mass. Gen. Laws ch. 233A, § 3(c) (West 2007). Finally, venue is proper there pursuant to 28 U.S.C. § 1391(a)(2) because it is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2) (2006).

In addition, the defendant also has "demonstrated that the balance of conveniences of the parties and witnesses and the interest of justice [weigh] in favor" of a transfer. Lentz, 464 F. Supp. 2d at 36-37. In balancing the conveniences of the parties and the interest of justice, a court must consider both private and public interest factors. Id. at 37. Private interest considerations "include, but are not limited to:

> (1) [the] plaintiffs' privilege of choosing the forum; (2) [the] defendant's preferred forum; (3) [the] location where the claim arose; (4) [the] convenience of the parties;    (5) [the] convenience of the witnesses; and (6) ease of access to sources of proof. Public interest considerations include, [but are not limited to]: (1) the transferee's familiarity with the governing law; (2) the relative congestion of the courts of the transferor and potential transferee; and (3) the local interest in deciding local controversies at home."

Id. (citations omitted). Because the motion is unopposed, the Court finds that the factors regarding the parties' choice of forum and conveniences are satisfied. It is an uncontested fact that Massachusetts is the site where the alleged prescription, purchase, and ingestion of DES by plaintiff Theresa Ducharme-Conrad's mother occurred, and thus is the location where the plaintiffs' claim arose. Compl. ¶¶ 3-4. In addition, the fact-witnesses and the plaintiffs reside in Massachusetts and a substantial amount of the evidence is located in that jurisdiction. Mot. to Transfer at 1-2. Accordingly, the Court finds that the relevant private interest factors weigh in favor of transfer.

Thus, the only remaining factors to consider are the public interest factors, which also

strongly support the transfer of this action. Under the District of Columbia's choice of law rules, this Court must apply the law of the state with the "most significant relationship" to the matters at issue. Kafack v. Primerica Life Ins. Co., 934 F. Supp. 3, 8 (D.D.C. 1996) (citing Church of Scientology Int'l v. Eli Lilly and Co., 848 F. Supp. 1018, 1026 (D.D.C. 1994)). Massachusetts law would therefore seem to govern, as it is the place where the injury occurred and is the domicile of the plaintiffs, whereas the District of Columbia has no significant contacts with this action. Mot. to Transfer at 1-2. Surely the Massachusetts district court's familiarity with the governing law is superior to this Court's, and that knowledge will certainly promote a more speedy resolution of this matter. See Kafack at 8-9 (noting that the district court "in the state whose laws govern the interests at stake" is better suited to interpret its state laws, thereby promoting "judicial economy"). Additionally, given the serious nature of the alleged injuries to its citizens, Massachusetts certainly has a greater interest than the District of Columbia in this controversy. See id. at 8 (stating that "[t]he interests of justice are best served by having a case decided by the federal court in the state whose laws govern the interests at stake").

## IV. CONCLUSION

For the reasons set forth above, the Court concludes that the requirements of 28 U.S.C. § 1404(a) are satisfied and that this action should therefore be transferred to the United States District Court for the District of Massachusetts.[1]

REGGIE B. WALTON
United States District Judge

---

[1] An Order consistent with the Court's ruling accompanies this Memorandum Opinion.